UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES K. KEETON,

    Plaintiff,

    v.

AMERICAN HOME MORTGAGE SERVICES, et al.,

    Defendants.
_____/

No. C 13-0428 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is defendant Working Dirt LLC's ("Working Dirt") motion to dismiss, filed on April 1, 2013. Working Dirt also filed a certificate of service, indicating that it mailed a copy of its motion to plaintiff James Keeton ("plaintiff"), who is proceeding in pro per, on April 1, 2013. However, plaintiff did not file an opposition to the motion, and did not appear at today's hearing on Working Dirt's motion. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS Working Dirt's motion to dismiss.

    This is a mortgage case, and appears to have been filed in response to an unlawful detainer action that is pending in San Mateo County Superior Court. Specifically, Working Dirt filed an unlawful detainer action against Mr. Keeton in state court, which Mr. Keeton removed to federal court on January 30, 2013. On the same day, Mr. Keeton also filed the complaint in this case, seeking to set aside the non-judicial foreclosure sale of his residence. The removed case went before Judge Gonzalez Rogers, and the case was remanded for lack of subject matter jurisdiction. See Working Dirt LLC v. Keeton, No. 4:13-cv-0429 YGR, 2013 WL 1120505 (N.D. Cal. Mar. 15, 2013).

    The complaint in this case appears to suffer from a similar lack of subject matter jurisdiction. In his complaint, which asserts four state law causes of action, plaintiff states that "[t]his action is also brought under 42 U.S.C. § 1983," and that "[j]urisdiction is based

upon a question of federal law in that defendants' actions in selling plaintiff's property without notice is a violation of the due process afforded plaintiff under the Fourteenth Amendment to the United States Constitution." Dkt. 1 at ¶ 10.  However, plaintiff does not assert a cause of action under section 1983 - nor could he, as none of the defendants are state actors.  See, e.g., Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Nor does plaintiff assert any other cause of action under federal law.  However, it is possible that plaintiff intends for his second cause of action (for "declaratory relief") to be brought pursuant to the federal Declaratory Judgment Act, and the court will liberally construe the second cause of action as such.

Plaintiff's second cause of action seeks "a declaration that the title to the subject property is vested in plaintiff alone and that the defendants . . . be declared to have no estate, right, title or interest in the subject property" and "be forever enjoined from asserting any estate, right, title, or interest in the subject property adverse to plaintiff."  Dkt. 1 at ¶ 27. Plaintiff bases this request on two alleged defects in defendants' foreclosure procedure. First, plaintiff claims that his filing of a bankruptcy petition on April 23, 2012 triggered a stay of all foreclosure proceedings, rendering "void or voidable" any notice and election to sell. Dkt. 1, ¶ 15.  Second, plaintiff alleges that "no affective [sic] and or legal notice was given by defendants prior to the unlawful sale on November 14, 2012."  Id., ¶ 21.  For those reasons, plaintiff claims that the foreclosure sale of his home was not valid, and seeks a declaratory judgment to that effect.

However, neither of those two factual allegations allege any wrongdoing on the part of Working Dirt.  As the buyer of the property, Working Dirt was not responsible for initiating the foreclosure proceedings, nor was it responsible for providing notice to plaintiff of the foreclosure sale.  Plaintiff alleges, in a conclusory manner, that Working Dirt "entered into an agreement" with the other defendants to defraud plaintiff, but alleges no facts supporting this allegation.  Thus, plaintiff's second cause of action for declaratory relief is DISMISSED as to Working Dirt.

Plaintiff asserts three additional causes of action against Working Dirt, all of which

suffer from the same failure to allege any specific wrongdoing on the part of Working Dirt. Plaintiff's first cause of action, for fraud, consists only of the conclusory allegation that Working Dirt "entered into an agreement to buy plaintiff's/trustor's property by holding an illegal trustee sale of said property without giving proper notice to plaintiff." Complaint, ¶ 20. Thus, plaintiff's first cause of action for fraud is DISMISSED as to Working Dirt.

Plaintiff's third cause of action, to quiet title, fails to allege tender. See, e.g., Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996). Thus, it is DISMISSED as to Working Dirt. And plaintiff's fourth cause of action, for wrongful eviction, is based upon the same allegations of fraud that are alleged in plaintiff's first cause of action, and thus is DISMISSED as to Working Dirt for the same reason.

Plaintiff will be given an opportunity to file an amended complaint, in order to attempt to state a claim against Working Dirt. The amended complaint must be filed by **May 30, 2013**, and must clearly set forth the causes of action asserted against Working Dirt, and the specific factual allegations underlying those causes of action. No new claims or parties may be added without leave of court or the agreement of the parties.

The court also notes that Working Dirt is the only defendant that has moved to dismiss, as it appears that the other defendants (American Home Mortgage Services, Inc., and TD Services) have not yet been served. As the complaint was filed on January 30, 2013, plaintiff has until May 30, 2013 to serve those defendants, otherwise the complaint must be dismissed under Federal Rule of Civil Procedure 4(m). Thus, when plaintiff files his amended complaint, he must also serve the as-yet-unserved defendants, and must file proofs of service with the court. If plaintiff does not do so by May 31, 2013, the court will dismiss the complaint as to those defendants for failure to serve.

**IT IS SO ORDERED.**

Dated: May 8, 2013

PHYLLIS J. HAMILTON
United States District Judge

3